"Item. I devise unto Bell Butcher all my lands not already given; I meanBell's Gift and Guard's Island, and my lands in Edenton, and the remainder of my personal estate, to him and his heirs of his body lawfully begotten; and for want of such, one-half to the heirs of Mary Pantry, and the other half to the heirs of Mary Turnbull Butcher, or the survivors of them to have all."
Bell Butcher died, without issue in 1777 or 1778. Mary Turnbull Butcher died in 1800, and before the commencement of this suit. Neither Mary Pantry nor either of her sons were ever in this country, but have continued to be aliens.
The testator, in other parts of the will, notices that Mary Turnbull Butcher, Mary Pantry, and two sons of the latter, viz., Robert and James, were alive.
When Stith v. Barnes, ante, 96, was decided in this Court two of my brethren felt themselves restrained, by peculiar circumstances, from taking any part in the deliberation or judgment. (275) They have both, however, declared their concurrence in the reasoning and principles applied by a majority of the Court to the decision of that case; and we are all of opinion that it goes the whole length of deciding the case now before us.
The principle of that case was that no present vested estate was devised to the heirs of Mrs. Stith, but an interest which was not to vest until the death of the first devise, without having had issue, and, by his having children, to be altogether prevented. That the word "heirs" must receive its technical meaning, except where it can be collected from the will that *Page 213 
the testator intended that the estate of the devise should vest in interest immediately, and that by the word he intended heirs apparent, if the ancestor be then living.
It is true that in this will the testator takes notice that Mary T.Butcher was then alive; but it does not appear that she had children then, or ever afterwards.
The remainder which was limited upon the tenancy in tail to Bell Butcher
must be either vested or contingent. It could not be vested because MaryTurnbull Butcher had no children; and if issue had been born to her before the death of Bell Butcher, it cannot reasonably be argued that they should be excluded by those who stood presumptive heirs at the time of the testator's death. The remainder is not limited to any definite person, but merely to those who upon the death of Mary T. Butcher should be her heirs. It is limited, also, upon an estate tail, a particular freehold estate capable of supporting a contingent remainder.
The ulterior termination must, therefore, be construed a contingent remainder, which could only become vested in the event of Mary Pantry
and Mary T. Butcher dying and leaving heirs during the continuance of the estate tail. This expired in 1777 or 1778 by the death of BellButcher without issue. Mary T. Butcher survived him upwards of twenty years; so that the remainder to her heirs could never vest in them. (276)
Judgment for the defendant.
NOTE. — See Stith v. Barnes, ante, 96, and the cases referred to in the note on the first point in that case.